**REGGIE MACOMBER, Appellant**

v.

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 29-88

July 28, 1989

Before KRUSE, Chief Justice, CANBY,* Acting Associate Justice, THOMPSON,** Acting Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Appellant, Charles V. Ala'ilima
For Appellee, Jerry Williams, Assistant Attorney General

Per Kruse,. C.J.:

Appellant challenges the constitutionality of the penal provisions of A.S.C.A. § 22.0223. The enactment provides that "[a]ny person who

---

* Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

29

drives a motor vehicle while his license is suspended pursuant to [A.S.C.A. §] 22.0211 [suspension upon conviction for driving under the influence] shall be guilty of a class D felony and, upon conviction, shall be sentenced to serve at least 90 days in custody." Appellant was duly convicted under this enactment and sentenced accordingly; however, the trial court stayed execution of sentence pending appeal.

Appellant points out that those convicted of driving while their licenses are suspended for any reason other than driving under the influence are guilty only of a misdemeanor which carries with it appropriately less severe penalties. He claims that the statute denies him the equal protection of the law guaranteed by the Fourteenth Amendment, contending that there is no rational basis for the legislature to impose a more severe penalty on drivers whose licenses are suspended for driving under the influence than on those whose licenses are suspended for some other reason.

The extent to which the equal protection clause of the Fourteenth Amendment applies in the territory is unclear; however, the government stipulated that the statute in question should be examined against Fourteenth Amendment standards. The trial court thus assumed for purposes of the matter before it that the equal protection clause was applicable in the territory, at least insofar as it requires a rational basis for statutory classifications. The Court then found that under applicable United States Supreme Court precedents, the statutory classification could not be struck down.

We agree with the reasoning of the trial court and its conclusion that there is a rational basis for legislative distinction between "(1) people who drive under the influence and then drive with a suspended license; and (2) those who commit other sorts of conduct punishable by suspension and then drive with a suspended license." *American Samoa Government v. Macomber*, 8 A.S.R.2d 182, 186 (1988).

We affirm. The order to stay sentence is vacated.